UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALI KANE,

               Plaintiff,

   v.

RON MEYER, *et al*.,

             Defendants.

CASE NO. 2:26-cv-00734-RSL-GJL

ORDER DECLINING SERVICE OF
CIVIL RIGHTS COMPLAINT

Plaintiff Ali Kane, proceeding *pro se* and *in forma pauperis*, initiated this action by filing a civil rights Complaint pursuant to 42 U.S.C. § 1983. Dkt. 6.  Plaintiff, an inmate currently confined at Monroe Correctional Complex ("MCC"), alleges that two individuals employed at that facility retaliated against him for exercising his First Amendment right to file grievances. *Id.* Because Plaintiff has failed to state a cognizable claim against one of the defendants he names, the Court **DECLINES to direct service** upon any defendant at this time.

Instead, Plaintiff is provided the opportunity to cure his Complaint's deficiencies by filing either (1) an amended complaint or (2) a notice of voluntary dismissal of his claim against the deficient defendant. If Plaintiff fails to file an amended complaint or otherwise cure his deficiencies by **April 13, 2026**,  the Court **MAY** recommend **DISMISSAL** of this action.

ORDER DECLINING SERVICE OF CIVIL RIGHTS COMPLAINT - 1

## I.   BACKGROUND

Plaintiff asserts his First Amendment Retaliation claim against Defendants Bowling and Ron Meyer in their individual capacities. Dkt. 6 at 3, 13. In support of his claim, Plaintiff alleges that he arrived at MCC on September 15, 2025, with two boxes of personal property that included legal materials he required to satisfy an upcoming court deadline. *Id.* at 5. Plaintiff asserts that he did not receive his property upon arrival and submitted a "kite" to Defendant Bowling, who is the property officer at MCC, requesting its return. *Id.*

Having received neither a response to his "kite" nor his property by the following day, Plaintiff filed an emergency grievance complaining that his property had not been returned and that he needed it for an impending deadline. *Id.* According to Plaintiff, the grievance was first given to Defendant Meyer, who then provided the grievance to Defendant Bowling so that it may be returned to Plaintiff. *Id.*

Plaintiff alleges that Defendant Bowling later came to Plaintiff's cell with his property. *Id.* at 6. According to Plaintiff, Defendant Bowling then returned the grievance to him and stated that Plaintiff would receive his property only if he tore up the grievance in front of him. *Id.* Plaintiff alleges that he complied because he feared he would otherwise not receive his property, and that Defendant Bowling returned the property after Plaintiff destroyed the grievance. *Id.*

As relief for his claim, Plaintiff seeks compensatory and punitive damages against both Defendants in their individual capacities. *Id.* at 13.

## II.   SCREENING STANDARD

Under the Prison Litigation Reform Act of 1996, the Court must screen proposed complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to

ORDER DECLINING SERVICE OF CIVIL RIGHTS COMPLAINT - 2

state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. §1915(e)(2)(B); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Dismissal on these grounds constitutes a "strike" under 28 U.S.C. § 1915(g).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). Even *pro se* pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A plaintiff must set forth specific, plausible facts to support their claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–83 (2009).

### III.    DISCUSSION

Upon review, the Court finds that Plaintiff has failed to plausibly allege a First Amendment Retaliation claim against Defendant Meyer for two reasons: (1) Plaintiff does not

ORDER DECLINING SERVICE OF CIVIL RIGHTS COMPLAINT - 3

plausibly allege that Defendant Meyer personally participated in violating his constitutional rights and (2) Plaintiff does not plead sufficient facts showing that Defendants Meyer's direct actions lacked a legitimate penological purpose, as required to state a First Amendment Retaliation claim against him. Because of these deficiencies, the Court will not direct service of the Complaint upon any defendant at this time. Rather, to proceed in this action, Plaintiff must cure the identified deficiencies according to the legal standards and instructions outlined below.

**A.      Personal Participation**

As stated above, the second step of pleading a § 1983 claim is to allege facts showing how an individual defendant caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold*, 637 F.2d at 1355. In light of the personal participation requirement, claims against individuals serving in supervisory roles may not be brought on the theory a supervisor is vicariously liable for the acts of his or her subordinates. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). Rather, a plaintiff must show that the supervisor (1) personally participated in or directed the alleged harm or (2) knew of a risk of harm to the plaintiff and failed to act to prevent it. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999). Sweeping or conclusory allegations unsupported by sufficient facts do not state a claim for relief. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

In his Complaint, Plaintiff alleges he suffered an adverse action in retaliation for engaging in conduct protected by the First Amendment when Defendant Bowling conditioned the return of Plaintiff's property on Plaintiff ripping up his emergency grievance. Plaintiff alleges that, in giving Defendant Bowling Plaintiff's grievance and instructing that Defendant Bowling return the grievance to Plaintiff, Defendant Meyer directly participated in the retaliation. *Id.* at 7.

ORDER DECLINING SERVICE OF CIVIL RIGHTS COMPLAINT - 4

Plaintiff does not, however, allege sufficient facts connecting Defendant Meyer's individual conduct or orders given to the subsequent retaliatory act by Defendant Bowling. Although references orders and instructions given by Defendant Meyer, he does not provide sufficient detail about what the alleged directives entailed. Plaintiff does not, for example, allege that Defendant Meyer instructed Defendant Bowling not to return Plaintiff's property unless his grievance was destroyed. Thus, Plaintiff does not plausibly allege that Defendant Meyer participated in First Amendment retaliation directly through his own actions or indirectly by instructing others to act.

Furthermore, the version of events alleged in the Complaint does not show that Defendant Meyer knew or reasonably should have known that Defendant Bowling would retaliate against Plaintiff by requiring him to destroy his grievance before returning his property. Absent factual allegations supporting such an inference, Plaintiff has not plausibly alleged that Defendant Meyer knew of a substantial risk that Plaintiff would suffer First Amendment Retaliation and failed to act to prevent it. As such, Plaintiff does not adequately allege that Defendant Meyer participated in First Amendment retaliation by failing to take action to prevent a known or knowable risk of constitutional harm.

Accordingly, Plaintiff has failed to establish Defendant Meyer personally participated in in a violation of his constitutional rights by either of the recognized means.

**B.      Lack of Legitimate Penological Purpose**

Next, the elements of a First Amendment retaliation claim arising in the custodial context are: (1) an assertion that a state actor took some adverse action against a plaintiff (2) because of (3) the plaintiff's protected conduct, and that such action (4) chilled the plaintiff's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate institutional

goal. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (quoting *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005)).

The use of an internal grievance procedure constitutes "protected conduct" for the purposes of a First Amendment retaliation claim. *Rhodes v. Robinson,* 408 F.3d 559, 567 (9th Cir. 2005); *see also Hines v. Gomez,* 108 F.3d 265, 267 (9th Cir. 1997) (those in custody may not be retaliated against for use of grievance system); *Bradley v. Hall,* 64 F.3d 1276, 1279 (9th Cir. 1995) (individuals may not be penalized for exercising the right of redress of grievances). To show that an adverse action was taken "because of" their protected conduct, a plaintiff must allege facts showing the protected conduct was "the substantial or motivating factor behind the defendant's conduct." *Brodheim*, 584 F.3d at 1271 (citations and quotations omitted). A plaintiff "bears the burden of pleading and proving the absence of legitimate correctional goals" for the actions of which they complain. *Pratt v. Rowland,* 65 F.3d 802, 806–07 (9th Cir. 1995).

As described in the preceding section, Plaintiff does not sufficiently allege that Defendant Meyer personally participated in any adverse action taken because of Plaintiff's protected activity of filing a grievance. Plaintiff also fails to allege facts showing that Defendant Meyer's actions lacked a legitimate correctional purpose. Instead, the factual allegations in the Complaint show only that Defendant Meyer brought the grievance to Defendant Bowling's attention. The Complaint contains no factual allegations suggesting that this act was undertaken for a retaliatory purpose or that it did not reasonably advance a legitimate administrative objective—such as obtaining a prompt, informal resolution to the emergency grievance by notifying the staff member responsible for returning Plaintiff's property. Thus, absent additional factual allegations, Plaintiff has not plausibly alleged that Defendant Meyer engaged in First Amendment Retaliation.

ORDER DECLINING SERVICE OF CIVIL RIGHTS COMPLAINT - 6

# IV.    CONCLUSION AND INSTRUCTIONS

Because of the deficiencies described above, the Court **DECLINES** to order direct service of the Complaint at this time. Instead, Plaintiff is **GRANTED LEAVE** to file an amended complaint correcting the above-stated deficiencies. If Plaintiff chooses to cure through amendment, the Court **WILL** screen the amended complaint to determine if service upon any defendant is appropriate. The amended complaint **MUST** contain a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Each claim for relief **MUST** be simple, concise, and direct. Plaintiff **SHALL** present the amended complaint on the court-provided form. The amended complaint **MUST** be filed under the same case number as this one and will operate as a **complete substitute** for Plaintiff's original Complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The amended complaint **MUST** be legibly rewritten or retyped in its entirety. This means, the amended complaint **MUST** be an original document, not a compilation of previously submitted materials, and it **MAY NOT** incorporate any part of the original complaint by reference.

Alternatively, Plaintiff **MAY** cure his Complaint's deficiencies by voluntarily dismissing his claim against Defendant Meyer under Rule 41(a)(1)(A)(i).[1] Upon Plaintiff's notice of

---

[1] Federal Rule of Civil Procedure 41(a)(1)(A)(i) permits plaintiffs to dismiss all claims against a particular defendant or defendants **without a court order** by filing a notice of voluntary dismissal before the opposing party has served an answer or moved for summary judgment. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005). Unless stated otherwise in the plaintiff's notice or unless the plaintiff has previously voluntarily dismissed the same claims, voluntary dismissal is **without prejudice**. Fed. R. Civ. P. 41(a)(1)(B).

ORDER DECLINING SERVICE OF CIVIL RIGHTS COMPLAINT - 7

voluntary dismissal of his claim against the deficient defendant, the Court **WILL** direct service of his Complaint upon Defendant Bowling

If Plaintiff fails to file an amended complaint complying with these requirements or otherwise cure the above-stated deficiencies by **April 13, 2026**, the Court **MAY** recommend dismissal of this action. The Clerk is **DIRECTED** to send Plaintiff the appropriate forms for filing a prisoner civil rights complaint. The Clerk is further **DIRECTED** to send copies of this Order and *Pro Se* Instruction Sheet to Plaintiff.

Dated this 13th day of March, 2026.

Grady J. Leupold
United States Magistrate Judge

ORDER DECLINING SERVICE OF CIVIL RIGHTS COMPLAINT - 8