UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALI KANE,

                    Plaintiff,

        v.

RON MEYER, *et al.*,

                    Defendants.

CASE NO. 2:26-cv-00734-RSL-GJL

REPORT AND RECOMMENDATION

Noting Date: May 27, 2026

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge Grady J. Leupold. Plaintiff Ali Kane, proceeding *pro se* and *in forma pauperis*, has filed a Motion for a Temporary Restraining Order ("Motion").[1] Dkt. 15. Upon review, the Court concludes that Plaintiff has not yet stated a cognizable claim in this case and, as a result, **RECOMMENDS** the injunctive relief requested in the Motion (Dkt. 15) be **DENIED without prejudice**. The Court does, however, also **RECOMMEND** that Plaintiff be

---

[1] Because the Court has not yet authorized service of a Complaint in this case upon any named Defendant, and an amended complaint is not yet due (*see* Dkt. 12), the Court enters this Report and Recommendation without awaiting (or directing) a response from the currently named Defendants.

REPORT AND RECOMMENDATION - 1

afforded an additional thirty (30) days from the date the District Court adopts this Report and Recommendation to file an amended complaint.

## I.    BACKGROUND

Plaintiff, an inmate currently confined at the Washington State Penitentiary in Walla Walla, Washington, filed a Complaint alleging First Amendment Retaliation claims against two officials at his former place of confinement, the Monroe Correctional Complex ("MCC"). Dkt. 6. The Court screened the Complaint by Order entered on March 13, 2026, finding that Plaintiff failed to state a claim, but granting him leave to file an amended complaint to correct the deficiencies found in the initial Complaint ("Screening Order"). Dkt. 7. In response, Plaintiff resubmitted his initial Complaint with additional pages outlining his disagreement with the Screening Order and refusal to file an amended pleading. Dkt. 8. In an Order entered on April 20, 2026, the Court declined to serve the resubmitted Complaint, but granted Plaintiff an additional thirty (30) days to file an amended complaint. Dkt. 12. Plaintiff has until May 20, 2026, to file an amended complaint. *See id*.

In the instant Motion, Plaintiff maintains the Department of Corrections[2] ("DOC") has confiscated his legal property without explanation and denied him access to the electronic law library. Dkt. 15. He requests the Court order the DOC to "allow me access to my legal property," presumably to meet the Court's May 20, 2026, deadline for filing an amended complaint. *Id*.

## II.    DISCUSSION

Under the Prison Litigation Reform Act ("PLRA"),

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse

[2] The DOC is not a party to this lawsuit. *See* Dkt. 1.

REPORT AND RECOMMENDATION - 2

impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

The purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "A plaintiff seeking a preliminary injunction must establish" (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, (2008). The Ninth Circuit also allows for the "serious questions" variation of the test, where "a preliminary injunction is proper if there are serious questions going to the merits; there is a likelihood of irreparable injury to the plaintiff; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

Here, as set forth above, the Court determined that Plaintiff's initial Complaint failed to state a claim, but granted him leave to amend in order to correct the deficiencies found in that Complaint. Dkt. 7. Rather than correct the deficiencies in an amended complaint, Plaintiff resubmitted his initial Complaint with additional pages and noted his refusal to file an amended pleading. Dkt. 8. In an April 20, 2026, Order, the Court declined to serve the resubmitted Complaint, but granted Plaintiff an additional thirty (30) days to file an amended complaint. Dkt. 12.

To date, Plaintiff has not filed an amended complaint. Therefore, there is presently no cognizable claim in this case. Without a cognizable claim, Plaintiff has failed to show a likelihood of success on the merits or raise serious questions going towards the merits of this

REPORT AND RECOMMENDATION - 3

case. Plaintiff, thus, fails to meet the first prong of either test, and the Motion (Dkt. 15) must fail.[3] *See Thompson v. County of Sacramento Animal Control*, Civ. No. 11-00378 JMS/RLP, 2011 WL 2457709, *3 (D. Hawai'i June 16, 2011) ("the court cannot grant injunctive relief where Plaintiffs have failed to state a cognizable claim").

### III.    CONCLUSION

As Plaintiff to date has failed to state a cognizable claim in this case, he has not shown a likelihood of success on the merits of the underlying action. Further, he seeks injunctive relief against non-parties. Accordingly, the Court **RECOMMENDS** Plaintiff's Motion for a Temporary Restraining Order (Dkt. 15) be **DENIED without prejudice**.

Lastly, the Court recognizes that the current due date for Plaintiff's amended pleading is May 20, 2026. *See* Dkt. 12. While the Court finds injunctive relief in this case is not proper, it does further **RECOMMEND** that, out of an abundance of caution and in the interest of justice to this *pro se* Plaintiff, he be granted an **additional thirty (30) days** from the date the District Court adopts this Report and Recommendation to file an amended complaint.

//

//

//

---

[3] In addition, the Court notes that it appears Plaintiff is seeking an injunction against the DOC, who is not a named party, and not one of the named Defendants. *See* Dkt. 15. As such, even if Plaintiff had raised a cognizable claim at this point in the litigation, the Court could not enter an injunction against a non-party. *See Zepeda v. U.S. I.N.S.,* 753 F.2d 719, 727 (9th Cir. 1984) (absent a showing of substantial relationship, a court may not enter an injunction against nonparties.).

REPORT AND RECOMMENDATION - 4

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 27, 2026**, as noted in the caption.

Dated this 13th day of May, 2026.

_____

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5