UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALI KANE,

Plaintiff,

v.

RON MEYER, *et al.*,

Defendants.

CASE NO. 2:26-cv-00734-RSL-GJL

ORDER DECLINING SERVICE OF AMENDED COMPLAINT

This prisoner civil rights action has been referred to United States Magistrate Judge Grady J. Leupold. Before the Court for review is Plaintiff Ali Kane's Amended Complaint filed pursuant to 42 U.S.C. § 1983. Dkt. 17.

Upon review, the Court **DECLINES** to direct service of the Amended Complaint because Plaintiff has failed to comply with the Court's prior instructions regarding amendment. *See* Dkt. 7, 12. The Court instead **GRANTS** Plaintiff an additional opportunity to file an amended pleading that cures his pleading deficiencies and complies with the Court's instructions on or before **July 27, 2026**. Should Plaintiff fail to remedy these deficiencies, the Court **MAY recommend dismissal** of this action for failure to state a claim, failure to properly prosecute, and/or failure to comply with a court order.

ORDER DECLINING SERVICE OF AMENDED COMPLAINT - 1

## I.    SCREENING STANDARD

Under the Prison Litigation Reform Act of 1996, the Court must screen proposed complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. §1915(e)(2)(B); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Dismissal on these grounds constitutes a "strike" under 28 U.S.C. § 1915(g).

After screening a *pro se* complaint, the Court must generally grant leave to file an amended complaint if there is a possibility the pleading's deficiencies may be cured through amendment. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)).

However, once a *pro se* plaintiff has been given leave to amend and instructed on the method by which to cure the pleading deficiencies, the Court may properly dismiss an action based on deficiencies that remain. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in dismissing without leave to amend because *pro se* prisoner plaintiff "did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so") (citing *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.2000) (en banc) (setting forth standard of review and explaining that leave to amend should be given unless the deficiencies in the complaint cannot be

ORDER DECLINING SERVICE OF AMENDED COMPLAINT - 2

cured by amendment) and *Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.")).

## II.    DISCUSSION

Plaintiff initiated this action on March 26, 2026, alleging First Amendment retaliation by two corrections officers in their individual capacities. Dkt. 1. Upon screening the Complaint, the Court declined to direct service, identified substantive pleading deficiencies that must be cured, and granted Plaintiff leave to amend according to the Court's instructions. Dkt. 7. Among other things, the Court expressly instructed Plaintiff that:

> The amended complaint **MUST** be legibly rewritten or retyped in its entirety. This means, the amended complaint **MUST** be an original document, <u>not a compilation of previously submitted materials</u>, and it **MAY NOT** incorporate any part of the original complaint by reference.

*Id.* at 7 (underline added).

Rather than filing an amended complaint within the time permitted, Plaintiff filed a Response to the Court's Screening Order consisting largely of a resubmission of his original Complaint together with additional pages expressing disagreement with the Court's screening analysis and declining to amend. Dkt. 8.

The Court reviewed Plaintiff's Response and determined that certain additional factual allegations contained in Plaintiff's filing suggested he may be capable of curing the substantive deficiencies identified in the Screening Order. Dkt. 12. Accordingly, the Court granted Plaintiff an additional opportunity to amend and extended the deadline to do so. *Id.* The Court reiterated the substantive deficiencies identified in the Screening Order and provided Plaintiff a new copy of that Screening Order so that he may review all prior instructions given. *Id.* The Court advised Plaintiff that failure to file an amended complaint that cured his pleading deficiencies and

ORDER DECLINING SERVICE OF AMENDED COMPLAINT - 3

complied with the Court's instructions could result in a recommendation that this action be dismissed for failure to state a claim, failure to prosecute, and/or failure to comply with a court order. *Id.*

Plaintiff thereafter filed his Amended Complaint. Dkt. 17. This filing is once again a resubmission of Plaintiff's original Complaint together with materials previously submitted in Response to the Court's Screening Order and additional pages expressing further disagreement with the Court's rulings. *Id.* Plaintiff has therefore failed to comply with the Court's clear instruction that any amended complaint be filed as a new, standalone pleading rather than a compilation of previously submitted materials.

Accordingly, the Court **DECLINES** to direct service of the Amended Complaint. Dkt. 17. Because the present deficiency involves Plaintiff's failure to comply with the Court's instructions regarding the form of his amended pleading, rather than new substantive deficiencies demonstrating futility of amendment, the Court concludes that an additional opportunity to amend is appropriate.

### III.    CONCLUSION AND INSTRUCTIONS

Because of the deficiencies described above, the Court **DECLINES** to direct service of the Amended Complaint. Instead, Plaintiff is **GRANTED LEAVE** to file a second amended complaint correcting the deficiencies identified by the Court. The Court **WILL** screen any second amended complaint for compliance with the Court's instructions and to determine if service upon any defendant is appropriate.

The second amended complaint **MUST** contain a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5)

ORDER DECLINING SERVICE OF AMENDED COMPLAINT - 4

what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff is **AGAIN ADVISED** that any amended pleading must comply with the Court's prior instructions, including the requirement that it be submitted as a complete, original document that does not incorporate prior filings by reference. Further, Plaintiff **SHALL** present the second amended complaint on the court-provided form. The second amended complaint **MUST** be filed under the same case number as this one and will operate as a **complete substitute** for Plaintiff's prior pleadings. *See Ferdik*, 963 F.2d at 1262.

Each claim for relief **MUST** be simple, concise, and direct. Plaintiff **SHALL NOT** include disagreement with the Court's Orders in his amended pleadings. In addition to preventing Plaintiff from clearly stating the factual basis for his claims, the inclusion of such information in his pleadings **WILL** be deemed a failure to comply with a court order and a failure to properly prosecute this case.

If Plaintiff fails to file a second amended complaint complying with the Court's instructions or otherwise curing the identified deficiencies by **July 27, 2026,** the Court **MAY recommend dismissal** of this action for failure to state a claim, failure to properly prosecute, and/or failure to comply with a court order.

Finally, the Clerk is **DIRECTED** to send Plaintiff the appropriate forms for filing a prisoner civil rights complaint and copies of the Court's prior Orders (Dkts. 7, 12).

Dated this 26th day of June, 2026.

Grady J. Leupold
United States Magistrate Judge

ORDER DECLINING SERVICE OF AMENDED COMPLAINT - 5