UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALI KANE,

Plaintiff,

v.

RON MEYER, *et al.*,

Defendants.

CASE NO. 2:26-cv-00734-RSL-GJL

REPORT AND RECOMMENDATION

Noting Date: **September 9, 2026**

This prisoner civil rights action has been referred to United States Magistrate Judge Grady J. Leupold. Plaintiff Ali Kane initiated this action alleging First Amendment retaliation claims against Defendants Bowling and Ron Meyer. *See* Dkt. 20. On July 13, 2026, the Court directed service of Plaintiff's Amended Complaint on both Defendants. Dkt. 21. The Court subsequently received waivers of service from both Defendants, making the deadline for Defendants to file a responsive pleading or motion permitted by Rule 12 of the Federal Rules of Civil Procedure not later than September 11, 2026. Dkt. 23, 24.

On August 21, 2026, before the answer deadline elapsed and before Defendants had an opportunity to respond to the Amended Complaint, Plaintiff filed a Motion for Summary

Judgment. Dkt. 25. The undersigned therefore recommends Plaintiff's Motion be **DENIED** as premature.

Although Rule 56 permits a party to move for summary judgment at any time unless a different time is set by local rule or court order, the Court retains discretion to regulate the timing of summary judgment proceedings. Fed. R. Civ. P. 56(b); *Kendall v. EQT AMD LLC*, No. 4:21-CV-01491, 2021 WL 5866597, at *1 (M.D. Pa. Dec. 10, 2021) ("The decision of whether to consider or dismiss as premature a plaintiff's motion for summary judgment filed before a defendant's answer is left to the sound discretion of the District Court.").

Here, Plaintiff moved for summary judgment before expiration of Defendants' deadline to respond to the amended complaint and before Defendants have otherwise had an opportunity to respond to Plaintiff's claims. Moreover, this action remains in the pleading stage and the parties have not yet engaged in discovery or otherwise had an opportunity to investigate Plaintiff's claims. Under these circumstances, Plaintiff's Motion is premature.

Accordingly, the undersigned recommends that Plaintiff's Motion for Summary Judgment (Dkt. 25) be **DENIED without prejudice** and may be refiled at the appropriate stage of these proceedings. After Defendants have answered and the Court has addressed any motions filed pursuant to Rule 12, the Court will enter a scheduling order establishing appropriate deadlines for discovery and dispositive motions, including motions for summary judgment.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time

limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **September 9, 2026**, as noted in the caption.

Dated this 26th day of August, 2026.

Grady J. Leupold
United States Magistrate Judge