The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALI KANE.,

Plaintiff,

v.

RON MEYER, *et al.*,

Defendants.

NO. 26-cv-0734-RSL

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff Ali Kane brings this prisoner civil rights action against defendants Bowling and Ron Meyer, alleging First Amendment retaliation claims. Dkt. 20. On July 13, 2026, the Court directed service of plaintiff's Amended Complaint on both defendants. Dkt. 21. The Court subsequently received waivers of service from both defendants, making their deadline to file a responsive pleading or motion permitted by Rule 12 of the

Federal Rules of Civil Procedure September 11, 2026. Dkts. 23, 24. On August 21, 2026, before that deadline elapsed, plaintiff filed a motion for summary judgment. Dkt. 25.

Currently before the Court is the Report and Recommendation of the Honorable Grady J. Leupold, United States Magistrate Judge, recommending that plaintiff's motion for summary judgment be denied without prejudice as premature. Dkt. 27. Plaintiff timely filed objections. Dkt. 28. The Court has reviewed the Report and Recommendation, plaintiff's objections, and the remaining record de novo.

Plaintiff principally argues that Federal Rule of Civil Procedure 56 permits him to move for summary judgment at this stage and that, because defendants have not objected to his doing so, the motion should proceed. He further contends that the Court should not assume defendants require discovery or additional time to investigate his claims and suggests that doing so amounts to advocating on defendants' behalf.

The Court is not persuaded. Rule 56(b) permits a party to move for summary judgment before the opposing party has filed a responsive pleading, but it does not require the Court to adjudicate a summary judgment motion whenever one is filed. The Court retains discretion to regulate the timing of summary judgment proceedings and may deny a motion filed before the case has sufficiently developed. *See Kendall v. EQT AMD LLC*, No. 4:21-CV-01491, 2021 WL 5866597, at *1 (M.D. Pa. Dec. 10, 2021).

Here, defendants' deadline to respond to the Amended Complaint has not yet expired, the action remains at the pleading stage, and the parties have not engaged in discovery. Defendants' failure to object to plaintiff's summary judgment motion before their response to that motion is due does not indicate that they agree the case is ready for summary judgment or otherwise require the Court to consider the motion now. Nor does the Court's determination that the case should proceed through the ordinary pleading and case-management process amount to speculation about defendants' position or advocacy on their behalf. Rather, it reflects the Court's responsibility to manage the proceedings and to ensure that dispositive motions are considered on an adequately developed record. If the parties ultimately conclude that discovery is unnecessary, that issue may be addressed in the ordinary course of case management.

Under these circumstances, the Court agrees with Judge Leupold that plaintiff's motion is premature. Denial without prejudice does not foreclose plaintiff from seeking summary judgment at the appropriate stage of the proceedings. Indeed, as the Report and Recommendation explains, after defendants have responded to the Amended Complaint, the Court will enter a scheduling order establishing deadlines for discovery and dispositive motions.

For the foregoing reasons, the Court ADOPTS the Report and Recommendation, Dkt. 27. Plaintiff's motion for summary judgment, Dkt. 25, is DENIED without prejudice as premature.

Dated this 4th day of September 2026.

Robert S. Lasnik
United States District Judge